# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 21-5187**

**September Term, 2022**

FILED ON: JANUARY 27, 2023

ANNETTA H. NICHOLAS,
      APPELLANT

v.

UNITED STATES DEPARTMENT OF TREASURY AND DISTRICT OF COLUMBIA RETIREMENT BOARD,
      APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02088)

———

Before: HENDERSON, *Circuit Judge*, and SENTELLE and TATEL, *Senior Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Annetta Nicholas is a former D.C. Public Schools teacher who began receiving disability retirement benefits in 2006 after doctors determined she had a chronic health condition that rendered her "totally and permanently disabled" from teaching. J.A. 204. Because Nicholas had been injured on the job in 2001, she was also entitled to workers' compensation benefits until 2017, at which time a doctor determined her 2001 injury no longer prevented her from returning to work. When her workers' compensation was terminated, however, her chronic health condition still prevented her from teaching. Despite that condition, and for reasons unexplained by the parties, Nicholas was returned to "pay status" by D.C. Public Schools for a brief period in 2018, though she never resumed teaching. Nicholas then applied for voluntary retirement benefits under D.C. Code § 38-2021.03(a), which the D.C. Retirement Board ("Board") granted. Months later, the Board determined it had erred in granting her application. It then cancelled her voluntary retirement benefits and reinstated her disability retirement benefits. Nicholas requested reconsideration of that decision, which was denied, and then appealed to the Board and the Department of the Treasury's Office of D.C. Pensions ("ODCP"). Those appeals were also denied.

1

She then filed suit in the district court, alleging that her status change was pursuant to a settlement agreement, that her return to "pay status" entitled her to receive credit for the years she received workers' compensation, that she was thus eligible for voluntary retirement benefits under D.C. Code § 38-2021.03(a), and that the Board could not terminate those benefits. The district court granted Defendants' motion for summary judgment. Nicholas now appeals.

We agree with the district court that Nicholas has not demonstrated that the Board's and ODCP's denials of voluntary retirement benefits were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Adgerson v. Police & Firefighters' Ret. & Relief Bd.*, 73 A.3d 985, 990 (D.C. 2013) (citation omitted); D.C. Code § 2-510(a)(3)(A). The Board "implement[s] and administ[ers] . . . the retirement program," D.C. Code § 1-711(a), and both the Board's and ODCP's interpretations of the statute are afforded deference, *Rivera v. Lew*, 99 A.3d 269, 271 (D.C. 2014); D.C. Code § 1-805.02(b). Under this standard of review, and absent any contrary authority offered by Nicholas, it was not unlawful for the Board and ODCP to determine that "resum[ing] employment" under § 1-623.45(a) requires more than Nicholas's brief, unexplained return to "pay status." Because Nicholas never resumed employment, she did not have the requisite years to be eligible for voluntary retirement benefits. *See* D.C. Code § 38-2021.03(a). The Board's determination that she had not recovered from the chronic health condition that caused her to retire in 2006 and prevented her from returning to teaching was also supported by substantial evidence. *See Adgerson*, 73 A.3d at 997.

The purported settlement agreement is immaterial; Nicholas neither provides evidence of an agreement with the terms she describes nor explains how the parties could contract around the statutory eligibility requirements. *Cf. Johnson v. D.C. Pub. Schools*, 191 A.3d 293, 295 (D.C. 2018) (noting "that [the retirement] statute could not properly apply" to an employee that does not meet the statutory criteria). Acting as a plan fiduciary, the Board terminated Nicholas's voluntary retirement benefits and reinstated the disability retirement benefits for which she was statutorily eligible. D.C. Code § 1-741(a)(2)(D).

The district court also did not abuse its discretion in denying Nicholas's request to conduct additional discovery and supplement the administrative record. Nicholas failed to specify what discovery she sought and why supplementation was necessary after having an adequate opportunity to develop the administrative record. She made no showing that the existing administrative record was either deficient or the product of bad faith and thus does not fall within an exception to the general rule that judicial review should be based solely upon the administrative record. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996); *see also Dupree v. D.C. Dep't of Corrections*, 132 A.3d 150, 154 (D.C. 2016).

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk